1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    PEDRO RAMOS-RAMOS,

4        Petitioner,

         Civil No. 09-2270 (JAF)

5        v.

         (Criminal No. 07-453)

6    UNITED STATES OF AMERICA,

7        Respondent.

8

9                          **OPINION AND ORDER**

10       Petitioner, Pedro Ramos-Ramos, brings this pro-se petition for post-conviction relief

11   from a federal judgment pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  Respondent, the United

12   States of America, opposes.  (Docket No. 5.)

13                                    **I.**

14                      **Factual and Procedural History**

15       On October 25, 2007, Petitioner was charged with being a leader of a sixty-three-member

16   conspiracy to possess with intention to distribute, in violation of 21 U.S.C. §§ 841(a)(1),

17   841(b)(1)(C), 841(b)(2), 846, and 860, (1) one kilogram or more of heroin; (2) 50 grams or

18   more of crack cocaine; (3) five kilograms or more of cocaine; (4) a detectable quantity of

19   Oxycodone; and (5) a detectable amount of Alprazolam.  (Crim. No. 07-453, Docket No. 3.)

20   The indictment charged Petitioner with four additional counts for aiding and abetting others in

21   the commission of narcotics offenses near public housing, a primary school, and a school for

22   deaf children in Cataño, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 860.  (Id.)

Civil No. 09-2270 (JAF)                                                          -2-

1    Petitioner was also charged with aiding and abetting the use or carrying of firearms in

2    connection with drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Id.)  On

3    August 22, 2008, Petitioner was charged in a superseding indictment with the same offenses as

4    in the original, but with an additional charge for conspiracy to use or carry firearms in

5    connection with drug trafficking, in violation of 18 U.S.C. § 924(o). (Crim. No. 07-453, Docket

6    No. 1131.)

7          On September 10, 2008, Petitioner signed a plea agreement in which he agreed to plead

8    guilty to the first count in the indictment and the additional count in the superseding indictment.

9    (Docket No. 1254.)  In exchange, the government recommended a sentence of 180 months for

10   the first count and a consecutive term of 60 months for the firearms offense. This

11   recommendation was premised upon a base offense level of thirty-two, with a two-point upward

12   adjustment for the crime taking place in a protected location, another two-point increase for

13   Petitioner's leadership role, and a reduction of three points for Petitioner's acceptance of

14   responsibility, resulting in a total offense level of thirty-three.  The government also agreed to

15   dismiss the remaining counts against Petitioner.  Petitioner further agreed to "waive[] and

16   surrender[] his right to appeal the judgment and sentence in this case."  Although a "Statement

17   of Facts" is appended to the agreement, Petitioner did not sign this addendum.

18         The same day that Petitioner signed the agreement, he appeared before this court at a

19   change-of-plea hearing to plead guilty to the two counts referenced in the agreement.  (Crim.

20   No. 07-453, Docket No. 1977.)  In response to our query, Petitioner testified that he was aware

21   of the substance of the two charges and that the firearms violation carries with it a mandatory

22   minimum sentence of sixty months that must be served consecutively to the term imposed for

Civil No. 09-2270 (JAF)                                                                                    -3-

1    the narcotics offense.  Petitioner further stated that he was aware that the plea agreement

2    contained a waiver of his right to appeal.  We ascertained from Petitioner that he accepted

3    responsibility for "at least five kilos, but less than 15 kilos of cocaine" under the agreement.

4           We proceeded to inquire whether Petitioner was also submitting a written statement of

5    facts as the basis for his guilty plea.  At this point, Petitioner's counsel, José Suárez-Santa,

6    interjected to raise the fact that Petitioner had not signed the "Statement of Facts" presented by

7    the government.  We then examined Petitioner on the relevant facts based upon the charges and

8    unsigned statement.  We asked Petitioner whether he was pleading guilty to conspiracy to

9    distribute heroin near a school in Cataño and to possession of firearms in relation to a drug-

10   trafficking crime when he was arrested.  Petitioner responded in the affirmative to both.  Suárez

11   interjected to clarify that Petitioner had not signed the statement because it characterized

12   Petitioner as a "fugitive from justice" at the time of his arrest.  However, Suárez confirmed that

13   "at the time [Petitioner] was arrested, he was in possession of the firearms."  Lastly, we

14   ascertained that no promises extrinsic to the plea agreement induced Petitioner to plead guilty.

15          During Petitioner's sentencing hearing on December 19, 2008, we stated that the

16   calculations for Petitioner's sentence were based on his responsibility for at least five, but less

17   than fifteen kilograms of cocaine, and on the location of the crime near a school in a public

18   housing complex.  (Crim. No. 07-453, Docket No. 1978.)  Based on the recommendations in

19   the plea agreement, we sentenced Petitioner to 180 months of incarceration for the drug count

20   and a consecutive term of 60 months for the firearms count.  On December 23, 2008, we entered

21   judgment pursuant to our findings at sentencing.  (Crim. No. 07-453, Docket No. 1622.)

Civil No. 09-2270 (JAF)                                                                -4-

1        Petitioner allegedly summoned Suárez to meet him in prison after his sentencing.

2    (Docket No. 1-2.)  According to Petitioner, he expressed doubts about his sentence and asked

3    Suárez to file an appeal.  Suárez allegedly promised to pursue an appeal but then failed to

4    comply with Petitioner's request.  (Id.)  On December 22, 2009, Petitioner moved for a hearing

5    pursuant to 28 U.S.C. § 2255 to obtain another opportunity to appeal his sentence.  (Docket

6    No. 1.)  The government opposed on April 13, 2010.  (Docket No. 5.)

7                                                   **II.**

8                                   **Standard Under Section 2255**

9        We may entertain a § 2255 motion when the petitioner is in custody under the sentence

10   of a federal court.  See 28 U.S.C. § 2255.  Section 2255 provides four grounds under which a

11   federal prisoner challenging the imposition or length of his sentence may obtain relief.  The

12   petitioner may show that:  (1) the court imposed the sentence in violation of the Constitution

13   or laws of the United States; (2) the court was without jurisdiction to impose such a sentence;

14   (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

15   otherwise subject to collateral attack.  § 2255(a).  Should a court find any of these errors, it

16   "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or

17   grant a new trial or correct the sentence as may appear appropriate."  § 2255(b).  The petitioner

18   bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief.

19   United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

Civil No. 09-2270 (JAF)                                                                 -5-

1                                          **III.**

2                                      <u>Analysis</u>

3        Because Petitioner is pro se, we construe his pleadings more favorably than we would

4    pleadings drafted by an attorney.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  His status,

5    however, does not insulate him from the strictures of procedural and substantive law.  <u>See</u>

6    <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

7        Petitioner contends that his sentence violates the Sixth Amendment due to counsel's

8    ineffective assistance.  (Docket No. 1.)  To establish ineffective assistance, the petitioner must

9    show both that his attorney's performance was deficient and that he suffered prejudice as a

10   result of the deficiency.  <u>Strickland v. Washington</u>, 466 U.S. 668, 686-96 (1984).  As to

11   deficiency, the petitioner must "establish that counsel was not acting within the broad norms of

12   professional competence."  <u>Owens v. United States</u>, 483 F.3d 48, 57 (1st Cir. 2007) (citing

13   <u>Strickland</u>, 466 U.S. at 687-91).  "[T]o prove prejudice, a defendant must establish that but for

14   counsel's deficient performance, there is a reasonable probability that the outcome would have

15   been different."  <u>Id.</u> at 57-58.

16       Petitioner cites his attorney's failure to (1) object to the court's proposal of facts and the

17   erroneous reference to heroin contained therein;  (2) assist the judge in clarifying which right

18   to appeal was waived; (3) object to the two-point adjustment for the protected location because

19   it duplicates the charge under 21 U.S.C. § 860; (4) object to the imposition of a consecutive

20   term of imprisonment for the firearms violation; and (5) file an appeal after Petitioner

21   specifically demanded an appeal of the sentence.  (<u>Id.</u>)  We discuss each contention in turn.

Civil No. 09-2270 (JAF)                                                                         -6-

1    **A.    Introduction of Facts**

2        Petitioner complains that we introduced facts at his change-of-plea hearing on our own

3    accord without objection from counsel.  (Docket No. 1.)  This charge is false, as counsel

4    interjected several times.  (See Crim. No. 07-453, Docket No. 1977 at 19-22.)  Moreover,

5    Petitioner himself assented to the facts suggested to him (id.), and we are unaware of any

6    authority imposing a duty upon counsel to prevent Petitioner from testifying on his own behalf.

7        Furthermore, to demonstrate prejudice for a guilty plea, "the defendant must show that

8    there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

9    and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Although

10   Suárez failed to raise a specific objection to our erroneous reference to heroin, Petitioner does

11   not contend that he would not have pleaded guilty otherwise.  (See Docket No. 1.)

12       We also note that our error did not affect Petitioner's sentence.  We calculated

13   Petitioner's sentence on the basis of his acceptance of responsibility for a conspiracy to

14   distribute cocaine, not heroin.  (See Crim. No. 07-453, Docket No. 1978 at 5).

15   **B.    Specification of Waiver of Right to Appeal**

16       Petitioner contends that Suárez failed to help us identify the precise right to appeal that

17   Petitioner waived under his agreement. (Docket No. 1.) This argument is meritless because we

18   specifically referenced Petitioner's plea agreement when we inquired as to whether he

19   understood that he waived his right to appeal the sentence.  (See Crim. No. 07-453, Docket

20   No. 1977 at 14.)  Under that agreement, Petitioner waived his right to appeal the judgment and

21   sentence in the case. (See Docket No. 1254 at 9.)  Therefore, counsel committed no error. See

22   United States v. Torres-Oliveras, 583 F.3d 37, 40-43 (1st Cir. 2009) (upholding waiver of

Civil No. 09-2270 (JAF)                                                                 -7-

1    appeal where text of agreement was clear, court advised defendant of scope of waiver, and

2    defendant failed to present unambiguous evidence of miscarriage of justice).

3    **C.      Protected Location**

4         Petitioner argues that Suárez should have objected to the two-point upward adjustment

5    in our calculation of the sentence for the commission of a drug crime in a protected place

6    because it duplicates one of the charges against him.  (Docket No. 1.)  Section 2D1.2 of the

7    sentencing guidelines specifically provides for a two-point increase of the defendant's offense

8    level for drug offenses and conspiracy to commit such offenses near a protected location.  U.S.

9    Sentencing Guidelines Manual § 2D1.2. (2009).  The commentary to this provision explicitly

10   references as its statutory authority 21 U.S.C. § 860, which prohibits the distribution of drugs

11   near a school.  Id.; see 21 U.S.C. § 860.

12        First, Petitioner misconstrues the recommendations under the sentencing guidelines for

13   the statutes under which he was convicted.  (See Docket No. 1.)  There is no duplication of

14   grounds for enhancing his sentence.  (See Crim. No. 07-453, Docket No. 1978.)  Second,

15   "[d]ouble counting is not automatically forbidden."  United States v. Beltran, 503 F.3d 1, 3 (1st

16   Cir. 2007).  Unless the sentencing guidelines specify otherwise, it is possible to adopt multiple

17   enhancements that rely on similar facts.  See United States v. O'Brien, 435 F.3d 36, 42 & n.3

18   (1st Cir. 2006).  We find no fault with Suárez' conduct with regard to this upward adjustment.

19   **D.      Consecutive Sentence**

20        Petitioner next argues that his attorney should have objected to our imposition of a

21   consecutive sentence for his firearms offense.  (Docket No. 1.)  This argument is meritless.

22   Petitioner's firearms conviction under 18 U.S.C. § 924(c)(1)(A)(i) requires a penal term that

Civil No. 09-2270 (JAF)                                                                           -8-

1    runs consecutively to his sentence for other offenses.  See Kimbrough v. United States, 552 U.S.

2    85, 92 n.1 (2007).  Therefore, Suárez could commit no error in this regard.

3    **E.       Appeal Notwithstanding Waiver**

4            Lastly, Petitioner argues that his attorney had a duty to appeal his sentence despite the

5    waiver of appeal in the plea agreement.  (Docket No. 1.)  We agree for the following reasons.

6            "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an

7    appeal when . . . [the] defendant reasonably demonstrated to counsel that he was interested in

8    appealing."  Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  Where the attorney fails to

9    comply with the defendant's explicit instruction to file a timely appeal, prejudice and, hence,

10   ineffective assistance, is established.  Id. at 484 (applying Strickland test to lawyer's failure to

11   appeal).   Prejudice is presumed under such circumstances because the alleged deficient

12   performance has deprived the defendant of a judicial proceeding.  Id. at 483.

13           Petitioner allegedly asked counsel to appeal and the attorney allegedly failed to comply

14   with this request.  (Docket No. 1-2.)  Under federal precedents, these averments establish

15   ineffective assistance under Strickland.  See Flores-Ortega, 528 U.S. at 484; United States v.

16   Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (holding that prejudice is presumed where lawyer

17   fails to follow defendant's unequivocal instruction to file timely notice of appeal).

18           Furthermore, because the First Circuit has the inherent power to reject a waiver of appeal

19   in exceptional situations where there is a "miscarriage of justice," United States v. Teeter, 257

20   F.3d 14, 25-26 (1st Cir. 2001), Petitioner's appeal would not have been moot despite his waiver.

21   The validity of the waiver itself is an issue that must be necessarily addressed.  While the First

22   Circuit probably would have adopted the waiver to bar the appeal, such determination is

Civil No. 09-2270 (JAF)                                                                        -9-

1  reserved for the appellate court, once we validate the waiver.  We, therefore, find that, out of

2  an abundance of caution, Petitioner is entitled to a hearing to assess his eligibility for another

3  opportunity to appeal his sentence.

4                                                    **IV.**

5                                             **Conclusion**

6          For the foregoing reasons, we hereby **GRANT IN PART** and **DENY IN PART**

7  Petitioner's § 2255 petition (Docket No. 1).  Pursuant to Rule 8(a) of the Rules Governing

8  § 2255 Proceedings, we **ORDER** the United States Marshals Service to present Petitioner for

9  a hearing for the sole purpose of determining whether counsel failed to follow Petitioner's

10 explicit request to file a timely notice of appeal.  We will also consider whether the waiver of

11 appeal contained in the plea agreement bars the Defendant under the circumstances.

12         **IT IS SO ORDERED**.

13         San Juan, Puerto Rico, this 20th day of May, 2010.

14                                              s/José Antonio Fusté
15                                              JOSE ANTONIO FUSTE
16                                              Chief U.S. District Judge