UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PEDRO RAMOS-RAMOS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-2270 (JAF)

(Crim. No. 07-453)

**OPINION AND ORDER**

On remand by order of the U.S. Court of Appeals for the First Circuit, (Docket No. 26), there remains pending before this court Petitioner's pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent, the United States of America, opposes (Docket No. 5), and Petitioner replies (Docket No. 6).

I.

**Factual and Procedural History**

On September 10, 2008, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute at least one kilogram of heroin, fifty grams or more of cocaine base ("crack"); five kilograms or more of cocaine; and an unspecified quantity of marijuana, Oxycodone, and Alprazolam, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), (b)(2), and 860. (Crim. No. 07-453, Docket No. 1254 at 1–2.) He also pled guilty to aiding and abetting the use and carrying of firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i). (Id.) In exchange, the government agreed to recommend dismissal of the remaining counts Petitioner was charged with in the superseding

indictment. (Id.) On December 23, 2008, based on the plea agreement's recommendation, this court sentenced Petitioner to 180 months' imprisonment, a consecutive term of 60 months for the firearms offense, and two supervised release terms of six and five years to be served concurrently. (Id., Docket No. 1622.) Petitioner filed the present petition seeking relief under § 2255 on December 22, 2009. (Docket No. 1.)

Finding that Petitioner had alleged a sufficient claim for ineffective assistance of counsel, this court held an evidentiary hearing to adjudicate his petition on July 16, 2010, but we declined to appoint counsel for Petitioner. (Docket No. 14 at 1.) Our subsequent opinion dismissing the petitioner's motion under § 2255 was vacated by the First Circuit and remanded with instructions to conduct another evidentiary hearing in which Petitioner would be represented by appointed counsel. (Docket No. 26.) Petitioner, his newly-appointed counsel, and his trial counsel all appeared at the evidentiary hearing held by this court on June 7, 2011. (Docket No. 45.)

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements

of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

### Analysis

Petitioner claims ineffective assistance of counsel, alleging that his counsel not only failed to explain the waiver of appeal contained in his plea agreement, but also ignored his request for a direct appeal. For the reasons outlined below, we reject Petitioner's claims and dismiss his petition.

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687–91). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In the context of a petitioner's claim that counsel's performance deprived him of an appeal, "we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." Roe v. Flores-Ortega, 528 U.S. 470, 486 (U.S. 2000). A judge reviewing a habeas petition who also presided at trial and sentencing is in the best position to

Civil No. 09-2270 (JAF)                                                                                                           -4-

assess potential prejudice, and may "employ the knowledge gleaned during previous proceedings and make findings based thereon . . . ." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

### A.     Knowing Waiver

In the First Circuit, courts "will enforce knowing and voluntary waivers by defendants in plea agreements of their rights to appeal, except when it would work a miscarriage of justice." United States v. Newbert, 504 F.3d 180, 182 (1st Cir. 2007).  Petitioner alleges that he did not knowingly waive his right of appeal, claiming that his counsel, José A. Suárez-Santa ("Suárez"), delivered ineffective assistance by failing to explain the waiver of his right to appeal contained in the plea agreement.  (Evid. Hrg. Tr. 8, June 7, 2011, Docket No. 45.)  Although this court explained—and Petitioner confirmed his understanding of—the consequences of the waiver during his change-of-plea hearing, Petitioner argues that we should disregard his answers because Suárez allegedly "told [him] to say yes to everything the judge said."  (Id. at 17.)  He claims that he did not understand that he was waiving his right of appeal, despite the explanation by this court, which was translated into Spanish, and which he claimed to understand at the time. (Id. at 9.)  We reject this claim.

Even if Petitioner had intended to simply "tell the Judge yes to whatever he asked" at his change-of-plea hearing, his verbal acknowledgment of our explanation of the waiver weighs against his claim that he did not understand the waiver. (Id. at 30–31.)  Moreover, despite his claims of not understanding the majority of the plea agreement terms, Petitioner actually rejected the plea agreement as originally drafted because he disagreed with the factual narrative; he refused to sign the agreement until revisions were made.  (Id.)

Suárez testified under oath that he carefully explained every paragraph of the plea agreement to Petitioner, and Petitioner has not provided any credible factual support for his claim to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (declaring that "conclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"). We find Petitioner's testimony to lack credibility and reject his allegations based on the testimony of the June 7, 2011, hearing, the transcript of Petitioner's change-of-plea hearing, and our recollection of the proceedings. (Docket No. 31; see also Crim. No. 07-453, Docket No. 1977 at 14.)

**B.      Failure to File a Direct Appeal**

The Supreme Court has held that an attorney who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Petitioner claims that he asked for an appeal, but Suárez ignored him. (Evid. Hrg. Tr. 8, June 7, 2011, Docket No. 45) Petitioner testified that he told Suárez that he wanted to appeal in early January 2009, when Suárez came to visit him at the Metropolitan Detention Center in Guaynabo, Puerto Rico. (Id.) As proof of his desire to appeal, he offers a copy of a letter he sent to Suárez on September 21, 2009, about the possibility of an appeal and about "issues [Petitioner] was researching so that he would do the appeal for [Petitioner.]" (Id. at 13.) Beyond the letter sent over eight months after the date he allegedly requested an appeal, Petitioner offers no other evidence to indicate that he requested or attempted to file an appeal—when asked why he never sent a letter directly to the court requesting an appeal,

Civil No. 09-2270 (JAF)                                                                                                              -6-

Petitioner stated that he did not have the address and did not have enough legal knowledge to send such a letter, despite having sent such a letter to Suárez. (Id. at 14.)

On the other hand, Suárez testified under oath that Petitioner never asked him to file an appeal, and testified that if Petitioner had wanted to file an appeal Suárez "probably would have filed a motion for appeal, and requested from the Court of Appeals to appoint some other attorney to carry out that appeal," because after a review of Petitioner's case he found no non-frivolous grounds for an appeal. (Id. at 34–35.) Moreover, Suárez testified that Petitioner communicated with him to coordinate the pickup of his file by a member of Petitioner's family following his sentence, and that the topic of an appeal never came up. (Id. at 36.)

Based on the testimony of the June 7 hearing and our recollection of the proceedings, we reject Petitioner's self-serving testimony for lack of credibility.[1] By his own admission, Petitioner got the sentence he bargained for, and he has not presented any credible evidence that his counsel's performance was deficient or that any prejudice resulted. (Id. at 24.)

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that

---

[1] Because we do not find Petitioner's self-serving testimony credible, we need not discuss whether counsel's failure to appeal after a defendant unequivocally requests an appeal is "presumed to be prejudicial under Flores-Ortega." United States v. Falcon, 2011 U.S. Dist. LEXIS 19578, at *18–*20 & n.9 (D.R.I. Feb. 28, 2011) (citing Flores-Ortega, 528 U.S. 470) (discussing circuit split in applicability of Flores-Ortega to defendants who waived their right to appeal).

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1; 2; 7). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 27th day of June, 2011.

        s/José Antonio Fusté
        JOSE ANTONIO FUSTE
        U.S. District Judge