UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PEDRO RAMOS-RAMOS,

    Petitioner.

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 09-2270 (JAF)

**OPINION AND ORDER**

Pedro Ramos-Ramos moves a second time to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 56.) He claims that he received ineffective assistance of counsel. (Id.) But, because Ramos-Ramos raised these claims before on direct appeal and did not receive a certificate of appealability, he is procedurally barred from raising them now. As a result, his motion is dismissed.

**I.**

**Background**

On September 10, 2008, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute at least one kilogram of heroin, fifty grams or more of cocaine base ("crack"); five kilograms or more of cocaine; and an unspecified quantity of marijuana, Oxycodone, and Alprazolam, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), (b)(2), and 860. (Crim. No. 07-453, Docket No. 1254 at 1–2.) He also pled guilty to aiding and abetting the use and carrying of firearms during and in relation to a drug trafficking

Civil No. 09-2270 (JAF)  -2-

offense, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i). (Id.) In exchange, the government agreed to recommend dismissal of the remaining counts Petitioner was charged with in the superseding indictment. (Id.) On December 23, 2008, based on the plea agreement's recommendation, we sentenced Petitioner to 180 months' imprisonment, a consecutive term of 60 months for the firearms offense, and two supervised release terms of six and five years to be served concurrently. (Id., Docket No. 1622.) Petitioner filed the present petition seeking relief under § 2255 on December 22, 2009. (Docket No. 1.) Finding that Petitioner had alleged a sufficient claim for ineffective assistance of counsel, this court held an evidentiary hearing to adjudicate his petition on July 16, 2010, but we declined to appoint counsel for Petitioner. (Docket No. 14 at 1.) Our subsequent opinion dismissing the petitioner's motion under § 2255 was vacated by the First Circuit and remanded with instructions to conduct another evidentiary hearing in which Petitioner would be represented by appointed counsel. (Docket No. 26.) Petitioner, his newly-appointed counsel, and his trial counsel all appeared at the evidentiary hearing held by this court on June 7, 2011. (Docket No. 45.) We denied Petitioner's motion. (Docket No. 46). On January 17, 2012, the First Circuit denied Petitioner's request for a certificate of appealability. (Docket No. 54.)

## II.

### Discussion

Section 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside, or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 549 U.S. 147, 153 (2007). A later petition that raises the same grounds as a previous petition is considered a second or successive petition. Sustache-Rivera v. United States, 221 F.3d 8, 12-3 (1st Cir.

2000). On June 27, 2011, we denied Petitioner's first Section 2255 motion on the merits. (Docket No. 46.) Therefore, Petitioner's present motion is a "second or successive" application for relief.

Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). The court of appeals may authorize a second or successive Section 2255 motion only if it presents a claim not previously raised, and contains either "newly discovered evidence" that establishes the defendant's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255; Burton, 549 U.S. 152; Tyler v. Cain, 533 U.S. 656, 661-62 (2001). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (petition was rejected as an unauthorized second or successive habeas petition and was foreclosed on that basis).

Here, Petitioner neither sought nor received authorization from the First Circuit Court of Appeals before filing his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Furthermore, Petitioner provides no grounds for this court to conclude that the First Circuit Court of Appeals would certify his second petition: Petitioner fails to identify any newly-discovered evidence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

Civil No. 09-2270 (JAF)                                                                                               -4-

Therefore, this court has no authority to consider Petitioner's present 2255 motion, and it must be dismissed.

## III.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's second motion to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255 for lack of jurisdiction.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 12th day of April, 2013.

                                                      s/José Antonio Fusté  
                                                      JOSE ANTONIO FUSTE  
                                                      Chief U.S. District Judge